## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ERIC WILLIAMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-08-748-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered September 10, 2008 [Doc. No. 131 and Defendants' Objection filed on September 29, 2008 [Doc. No. 32]. Defendants object to the Report and Recommendation, asserting that the Magistrate Judge erred in recommending that their motion to dismiss be granted in part and denied in part.   Specifically Defendants challenge Judge Purcell's conclusion that Plaintiff exhausted his administrative remedies.

Plaintiff, an inmate in the custody of the Vermont Department of Corrections, was housed at North Fork Correctional Facility pursuant to a contract between the Vermont Department of Corrections and Corrections Corporation of America.  During his time at North Fork, Plaintiff expressed a desire to marry his girlfriend, who resided in Vermont.  In order to marry in Oklahoma it was necessary for Plaintiff to obtain a marriage license, which necessitated his presence at the office of the Clerk of Court, *see* Okla. Stat. tit. 43 § 5.  Toward this end, Plaintiff followed the NFCF grievance procedure in an effort to obtain access to a marriage license.  As set forth in the Report and Recommendation, Plaintiff was informed that he could not marry while incarcerated in Oklahoma because he could not be transported for purposes of obtaining a license.  Although

Plaintiff completed the three-step NFCF grievance process, Defendant asserts that he should have sent his grievance to the contract monitor.

Section 14.5.5(I)(4) of the NFCF grievance policy requires that an inmate with a grievance against the contracting agency, i.e., the Vermont Department of Corrections, must send the grievance to the contract monitor. Defendants contend that Plaintiff's "actual problem was with his custodial jurisdiction's decision to place him in Oklahoma at the North Fork Correctional Facility." Objection at p. 3. Therefore, Defendants argue, he was required to pursue his grievance with the monitor and the failure to do so renders his claim unexhausted and subject to dismissal. The Court disagrees with Defendants' attempt to re-characterize Plaintiff's claims. Plaintiff is complaining that the Defendants did not take steps necessary to protect his constitutional right to marry, an issue that he grieved by following the NFCF policies. As such, and for the reasons set forth in the Report and Recommendation, the motion to dismiss is denied with regard to Plaintiff's 42 U.S.C. § 1983 claim for damages and declaratory relief. It is granted with regard to Plaintiff's claim for prospective injunctive relief. The Report and Recommendation is hereby ADOPTED and the matter is recommitted to Judge Purcell for additional proceedings.

IT IS SO ORDERED this 2nd day of October, 2008.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE