**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ERIC WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIV-08-748-R |
| | ) |
| FRED FIGUEROA, Warden, et al., | ) |
| | ) |
| Defendant. | ) |

## O R D E R

Before the Court are the Second Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered March 10, 2009 [Doc. No. 50] and Plaintiff's "Opposition" thereto [Doc. No. 54], which the Court treats as an Objection to the Report and Recommendation. Also before the Court are Plaintiff's motion to amend his Complaint [Doc. No. 51] and Defendants' response in opposition to Plaintiff's motion to amend. Doc. No. 55.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Second Supplemental Report and Recommendation de novo in light of Plaintiff's Objection. Because Plaintiff has admitted that his fiancée ended their relationship in March of 2007, well before Plaintiff filed this action in July of 2007, Plaintiff lacked standing at the time he filed this action in that he had not suffered an injury in fact and any injury he might have was speculative. However, Plaintiff asserts in his Objection that his delay in filing this action was due to the requirement that he exhaust his available administrative remedies prior to filing this action. For this reason, the Court will assume that Plaintiff had suffered an

actual injury in fact, concrete and particularized, not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Nevertheless, the Court agrees with the Magistrate Judge that Plaintiff lacks standing because he cannot show a causal relationship between his injury – not being able to obtain a marriage license and thereby being unable to marry – and the conduct of the Defendants, i.e., that his injury is fairly traceable to the conduct of the Defendants of which he complains and has not resulted from the independent action of a third party not before the Court. See, e.g., Northeastern Florida Chapter of Associated General Contractors v. City of Jacksonville, 508 U.S. 656, 663, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993) (citation and quotation omitted). Plaintiff's injury, assuming he suffered one, is the result of the interaction of two Oklahoma statutes. Section 5 of Title 43 of the Oklahoma Statutes requires that a couple wishing to marry make an application for a marriage license in writing, signed and sworn to in person before a district court clerk. Okla. Stat. tit. 43, § 5. Section 563.2(G) of Title 57 of the Oklahoma Statutes prohibits a private prison contractor housing inmates sentenced in another state from "allow[ing] any such inmate to leave the premises of the facility, except to comply with an order to appear in a court of competent jurisdiction, to receive medical care not available at the facility, to work . . . , or to return or be transferred to another state . . . ." Okla. Stat. tit. 57, § 563.2(G). The mere fact that the Defendants, the chaplain, grievance officer and warden of North Fork Correctional Facility, a private prison contractor, complied with or refused to violate the latter statute

does not make the Plaintiff's injury fairly traceable to the conduct of the Defendants. Accordingly, Defendants are entitled to summary judgment on the issue of standing with respect to Plaintiff's 42 U.S.C. § 1983 claim against them for damages and declaratory relief.

The Magistrate Judge pointed out in his Second Supplemental Report and Recommendation that Plaintiff had not challenged the constitutionality of the statute prohibiting private prison contractors from allowing out-of-state inmates from leaving the prison except for narrowly defined reasons, none of which is to go to a court clerk's office for the purpose of applying for a marriage license.  See Second Supplemental Report and Recommendation at p.7.  So Plaintiff has filed a motion for leave to amend his Complaint, asserting that he wishes to challenge the constitutionality of state law, i.e., Okla. Stat. tit. 57, § 563.2(G), "upon the basis of the equal protection clause of the Fourteenth Amendment." Plaintiff's Motion to Amend Complaint at p.1.  Plaintiff's motion for leave to amend his Complaint is DENIED as futile.  First, Defendants, who are employees and agents of a private prison contractor, are not agents or employees of the State of Oklahoma charged with enforcing Oklahoma Statutes or Okla. Stat. tit. 57, § 563.2(G) in particular, and thus are not proper parties defendant to a claim for damages based upon the alleged unconstitutionality of Okla. Stat. tit. 57, §563.2(G).  Secondly, even if Plaintiff sought leave to substitute the proper party(ies) defendant, the State of Oklahoma and its officers are immune from suit for damages in federal court pursuant to the Eleventh

Amendment.  See, e.g., Tarrant Regional Water District v. Sevenoaks, 545 F.3d 906, 911 (10th Cir. 2008).  Additionally, Subsection L of Section 563.2 of Title 57 of the Oklahoma Statutes provides that "nor shall this state be liable for any injuries to the inmates [from other states housed in a facility owned or operated by a private prison contractor]."  Okla. Stat. tit. 57, § 563.2(L).  Finally, an equal protection challenge to the constitutionality of Okla. Stat. tit. 57, § 563.2(G), predicated upon discrimination against out-of-state inmates held in private prisons would necessarily fail because 1) the State of Oklahoma does not assume jurisdiction or custody of any inmate from another state housed in a facility owned or operated by a private prison contractor and such inmates, like Plaintiff, remain at all times subject to the jurisdiction of the states which sentenced them, and 2) the Department of Corrections may authorize Oklahoma inmates to be away from a correctional facility in this state for limited purposes, none of which is to appear before a district court clerk for purposes of making application for a marriage license.  See Okla. Stat. tit. 57, § 510.1(A), (B) & (G).  In any event, Plaintiff lacks standing to pursue a claim for declaratory relief as to the constitutionality of Okla. Stat. tit. 57 § 563.2(G).  Because Plaintiff's fiancée ended their relationship in March of 2007 and Plaintiff is now incarcerated in a private prison in Kentucky, he cannot show that he has a good chance of being injured by application of that statute in the future.  Plaintiff's interest in application of the Oklahoma statute is hypothetical and insufficient to establish a case or

controversy for declaratory relief.  See Facio v. Jones, 929 F.2d 5451, 543 & 545 (10th Cir. 1991).

In accordance with the foregoing, the Second Supplemental Report and Recommendation of the Magistrate Judge [Doc. No. 50] is ADOPTED in its entirety, Defendants' motion for summary judgment [Doc. No. 46] is GRANTED and Plaintiff's Complaint is summarily DISMISSED.  Plaintiff's motion for leave to amend his Complaint [Doc. No. 51] is DENIED.

**IT IS SO ORDERED this 1st day of May, 2009.**

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE